NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
*Pacific Reporter.  Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska  99501*
*Fax:  (907) 264-0878*
*E-mail:  corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ALASKA PUBLIC DEFENDER AGENCY,

                    Petitioner,

           v.

SUPERIOR COURT,

                    Respondent.

Court of Appeals No. A-12814
Trial Court No. 4SM-16-002 DL

O P I N I O N

No. 2582 — January 12, 2018

Original Application for Relief from the Superior Court, Fourth Judicial District, Bethel, Dwayne W. McConnell, Judge.

Appearances:  Kelly R. Taylor, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner. Jeffrey W. Robinson, Ashburn & Mason, P.C., Anchorage, for the Respondent.  David A. Wilkinson, Assistant Attorney General, Fairbanks, and Jahna Lindemuth, Attorney General, Juneau, for the Alaska Division of Juvenile Justice (intervenor).

Before:  Mannheimer, Chief Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

---

[*]    Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

This case arises out of juvenile delinquency proceedings against J.B., a minor who lives in the village of Marshall. J.B.'s family is indigent, and J.B. is represented by the Public Defender Agency.

J.B. has invoked his right to trial and, under the venue rules, J.B.'s trial is to be held in Bethel. But J.B.'s family has no funds to transport him to Bethel. Moreover, because of J.B.'s youth, his parents take the position that one of them must accompany J.B. to Bethel.

The superior court has ordered the Public Defender Agency to pay for this travel expense. Quoting the language of AS 18.85.100(a)(2), the superior court reasoned that this transportation expense was one of the "necessary services and facilities of [the Agency's] representation" of J.B.

The Public Defender Agency now petitions this Court to review and reverse the superior court's order. The Agency takes the position that the transportation expense should be borne either by the Division of Juvenile Justice (*i.e.*, the government entity that is prosecuting J.B.) or, alternatively, by the Court System.

Both the Alaska Court System and the Alaska Division of Juvenile Justice are actively participating in this litigation; they ask this Court to uphold the superior court's ruling.

The parties are in essential agreement that *some* government entity should pay to transport an indigent minor (and, when necessary, a parent or guardian) to the site of the minor's trial. The problem is to identify which government entity that should be.

The Division of Juvenile Justice concedes that they should pay the expense of transporting a minor who is in custody. But with regard to minors who are released from custody pending trial (such as the minor in this case), the Division of Juvenile Justice argues that the expense of transportation should be borne by the legal agency that is representing the minor (*i.e.*, the Public Defender Agency or the Office of Public

Advocacy), just as the agency would bear other necessary expenses of the representation such as the transportation of needed witnesses.

The Division of Juvenile Justice bases its argument on the Public Defender Agency's authorizing statute, AS 18.85.100. Subsection (a) of this statute declares that indigent defendants in criminal proceedings and indigent minors in delinquency proceedings are entitled:

> (1) to be represented ... by an attorney to the same extent as a person retaining an attorney is entitled; and

> (2) to be provided with the necessary services and facilities of this representation, including investigation and other preparation.

See also AS 44.21.410(a)(5), the parallel authorizing statute of the Office of Public Advocacy.

The Division of Juvenile Justice contends that when the Public Defender Agency or the Office of Public Advocacy is representing an indigent defendant, and when that defendant is not in custody, the cost of transporting the defendant to the site of their trial is a necessary "service" or "facility" of the representation.

This is a plausible interpretation of the statute, but it is by no means the only possible interpretation of the statute. We acknowledge that some people might reasonably conclude that the phrase "necessary services and facilities of [the] representation" does *not* include the cost of transporting the defendant to court.

But we note that the position advocated by the Division of Juvenile Justice was expressly adopted by the Alaska Department of Law some forty years ago.

In 1977 and 1978, the Alaska Attorney General issued two formal opinions dealing with the question of who should pay the transportation expenses of indigent

criminal defendants and indigent juvenile defendants. In those opinions, the Department of Law concluded that when a criminal defendant or a juvenile delinquency defendant is represented at public expense by the Public Defender Agency, the Agency is responsible for paying the defendant's necessary transportation costs. [1]

Consistent with these Attorney General Opinions, the Department of Administration has promulgated an administrative regulation, 2 AAC 60.040, which authorizes the Office of Public Advocacy to pay "necessary travel and per diem by the defendant, ... not [to] exceed the rate authorized for state employees." [2]

According to the Administrative Code, the authority for this regulation is AS 44.21.410. This statute is the authorizing statute for the Office of Public Advocacy, and it requires the Office of Public Advocacy to provide the same legal representation

---

[1] *See* Attorney General Opinion dated October 7, 1977 (1977 WL 22018 at *3), (concluding that when it is necessary for a defendant to travel, this expense is a "necessary incident of [the] representation" within the meaning of the Public Defender's authorizing statute, AS 18.85.100); and Attorney General Opinion dated September 25, 1978 (1978 WL 18588 at *1) (concluding that the reasoning of the 1977 opinion applies to juvenile cases).

[2] The complete text of this regulation is:

2 AAC 60.040. Extraordinary expenses.
Extraordinary expenses for appointed attorneys will be reimbursed only if prior authority has been obtained from the public advocate. In this section, "extraordinary expenses" are limited to expenses for:
(1) investigation;
(2) expert witnesses; and
(3) necessary travel and per diem by the defendant, appointed counsel, and witnesses, which may not exceed the rate authorized for state employees.

that an indigent person would receive from the Public Defender Agency if the Agency did not have a disqualifying conflict. [3]

Thus, the Department of Administration apparently agrees with (or at least has acquiesced in) the position taken by the Attorney General — the position that the payment of transportation expenses is a necessary incident of a public agency's representation of its clients if those clients are not in custody.

Our decision in this case is not controlled by the fact that the Attorney General has interpreted the Public Defender Agency's authorizing statute in this fashion, nor by the fact that the Department of Administration has interpreted the Office of Public Advocacy's authorizing statute in the same way. Nevertheless, the Alaska Supreme Court has said that an appellate court should accord some deference to Attorney General's opinions, as well as to interpretations of a statute that are adopted by the executive agency responsible for enforcing or overseeing the operation of that statute. [4]

Because all three parties to this case agree that *some* government entity should be responsible for paying to transport indigent defendants to the site of their trial, this case does not present a question of criminal law or procedure. Rather, it presents issues of budgeting and finances — *i.e.*, administrative questions. In these circumstances, we believe that we should accord substantial weight to the statutory interpretation adopted by the Attorney General and the Department of Administration.

---

[3]   *See* AS 42.21.410(a)(5).

[4]   *See*, *e.g.*, *State v. Dupier*, 118 P.3d 1039, 1050 n. 62 (Alaska 2005) ("The weight accorded to opinions of the Attorney General is largely within our discretion. In general, they are not controlling but are entitled to some deference."); *Bullock v. Dept. of Community & Regional Affairs*, 19 P.3d 1209, 1216 (Alaska 2001) ("When an executive [agency] interprets legislation, that interpretation is entitled to be given weight ... in construing the intent of the statute.").

We accordingly hold that when the Public Defender Agency or the Office of Public Advocacy is representing an indigent defendant who is (1) not in custody and who is (2) unable to afford to travel to the site of their trial, the agency shall pay the necessary expense. And when a delinquency case involves a minor who is not reasonably able to travel alone, the agency shall pay for a parent or guardian to accompany the minor.

We are aware that our decision may have significant financial consequences for the Public Defender Agency and the Office of Public Advocacy — just as a different decision might have significant financial consequences for the Court System or the Division of Juvenile Justice.

But this is a situation where *having* an answer is arguably more important than the specific content of the answer. In the end, this litigation is about money and budgeting. Now that we have identified the government agencies who are responsible for paying these travel expenses, it is the legislature's task to adjust the agencies' budgets to accommodate these expenses.

The decision of the superior court is AFFIRMED.